# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GUM PRODUCTS INTERNATIONAL, INC., <br><br>    *Plaintiff,* <br><br>v. <br><br>UNITED STATES, <br><br>    *Defendant*. | Court No. 25-00108 |

## COMPLAINT

Plaintiff, Gum Products International, Inc. ("GPI") by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This action is brought pursuant to 28 U.S.C. § 1581(c). Plaintiff contests the final scope ruling issued by the U.S. Department of Commerce ("Commerce") concerning the antidumping duty order on xanthan gum from China finding that Plaintiff's food ingredient products are within the scope of the order. *See* Memorandum from Reginald Anadio, International Trade Compliance Analyst, Office IV, Antidumping and Countervailing Duty Operations, through Eric B. Greynolds, Director, Office IV, Antidumping and Countervailing Duty Operations, to Scot Fullerton, Acting Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *RE: Xanthan Gum from the People's Republic of China: Final Scope Ruling on GPI Food Ingredients* (May 20, 2025) ("Final Scope Ruling").

1

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A(a)(2)(A)(ii) and (B)(vi) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi).

## STANDING

3.      Plaintiff is a U.S. importer of subject merchandise, and therefore, is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A) and 28 U.S.C. § 2631(k)(1).

4.      Plaintiff participated in the administrative proceeding that is the subject of this challenge, and accordingly, has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

5.      Plaintiff commenced this action by filing a Summons on June 17, 2025, within 30 days after Commerce mailed its Final Scope Ruling. *See* Memorandum from Reginald Anadio, International Trade Compliance Analyst, Enforcement and Compliance, Office IV, to The File, *SUBJECT: FedEx Documentation for Transmitting Final Scope Ruling* (June 2, 2025). Plaintiff files this Complaint within 30 days of filing the Summons. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(ii) and Rules 3(a)(2) and 6(a) of this Court.

6.      Because Plaintiff's Complaint is being filed within the statutorily prescribed period, this action is timely.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

7. On July 19, 2013, Commerce published the antidumping order on imports of xanthan gum from China. *See Xanthan Gum from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 43143 (July 19, 2013) ("Order"). The scope of the Order is as follows:

> The scope of this Order covers dry xanthan gum, whether or not coated or blended with other products. Further, xanthan gum is included in this Order regardless of physical form, including, but not limited to, solutions, slurries, dry powders of any particle size, or unground fiber.
>
> Xanthan gum that has been blended with other product(s) is included in this scope when the resulting mix contains 15 percent or more of xanthan gum by dry weight. Other products with which xanthan gum may be blended include, but are not limited to, sugars, minerals, and salts.
>
> Xanthan gum is a polysaccharide produced by aerobic fermentation of Xanthomonas campestris. The chemical structure of the repeating pentasaccharide monomer unit consists of a backbone of two P-1,4-D-Glucose monosaccharide units, the second with a trisaccharide side chain consisting of P-D-Mannose-(1,4)-P-DGlucuronic acid-(1,2)-a-D-Mannose monosaccharide units. The terminal mannose may be pyruvylated and the internal mannose unit may be acetylated.
>
> Merchandise covered by the scope of this Order is classified in the Harmonized Tariff Schedule (HTS) of the United States at subheadings 3913.90.20, 3913.90.2015, and 3824.99.4900. This tariff classification is provided for convenience and customs purposes; however, the written description of the scope is dispositive.

8. On September 20, 2023, GPI filed a revised scope ruling application under 19 C.F.R. § 351.225(k)(1), requesting a determination that GPI's food ingredient products, known as GPI Purexan 80AN, GPI Purexan 200AN, and GPI Quickxan 70 (collectively, the "GPI Products") are outside the scope of the Order. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Xanthan Gum from the People's Republic of China: Scope Ruling Application for Gum Products International, Inc.* (Sept. 19, 2023 ("Scope Request").

9. In its scope application, GPI provided substantial evidence that the GPI Products covered by its scope ruling request are not covered by the scope of the Order. Specifically, GPI explained that the GPI Products, which incorporate Chinese xanthan gum as a raw material, are custom-made food ingredient products that are produced in Canada to meet individual customer specifications and are sold directly to food manufacturers or specialty ingredient distributors. GPI provided substantial evidence that the GPI Products are not the same "class or kind of merchandise" as Chinese xanthan gum and that the xanthan gum incorporated into the GPI Products is substantially transformed through the proprietary process in Canada, which deactivates the amylase in the xanthan gum, adds significant value, and makes the products unique and non-substitutable.

10. On October 23, 2023, GPI's Scope Request was deemed accepted, and the scope inquiry was deemed initiated. *See* 19 C.F.R. § 351.225(d)(1)(iii); *see also* Memorandum from Reginald Anadio, International Trade Compliance Analyst, AD/CVD Operations Office IV, Enforcement and Compliance, through Stephen Bailey, Program Manager, AD/CVD Operations Office IV, Enforcement and Compliance, to The File, *SUBJECT: Xanthan Gum from the People's Republic of China: Deemed Initiation of Scope Inquiry* (Oct. 23, 2023).

11. On November 17, 2023, CP Kelco U.S., Inc. ("Petitioner") requested that Commerce reject GPI's Scope Request pursuant to Section 777 of the Tariff Act and 19 C.F.R. § 351.304(d)(1). *See* Letter from Greenberg Traurig, LLP to Dep't of Commerce, *Re: Xanthan Gum from the People's Republic of China: Request to Reject GPI Scope Application for Food Ingredients Pursuant to 19 U.S.C. § 1677f(b)(2)* (Nov. 17, 2023), and on December 11, 2023, Petitioner submitted comments and factual information to rebut, clarify, or correct GPI's Scope Request. *See* Letter from Greenberg Traurig, LLP to Dep't of Commerce, *Re: Xanthan Gum from the People's Republic of China – Petitioner's Comments to Rebut, Clarify, or Correct*

*Factual Information in Gum Products International's Scope Ruling Application for Food Ingredients* (Dec. 11, 2023). In its comments, Petitioner argued that the xanthan gum in the GPI Products had not been substantially transformed and, therefore, these products are covered by the scope of the Order.

12. On December 26, 2023, GPI responded to the Petitioner's comments. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Xanthan Gum from the People's Republic of China: Scope Ruling Application for Gum Products International, Inc.* (Dec. 26, 2023). GPI explained that its proprietary method for removing amylase and ensuring its products meet customer specifications effectively changes the xanthan gum's chemical and structural properties and makes its products distinct from the generic xanthan gum described in the scope of the Order.

13. On September 9, 2024, Commerce issued its preliminary scope ruling, determining that the GPI Products processed in Canada using xanthan gum from China have a Chinese country of origin because the Chinese xanthan gum is not substantially transformed in Canada. *See* Memorandum from Reginald Anadio and Benjamin Blythe, International Trade Compliance Analyst, Office IV, Antidumping and Countervailing Duty Operations, through Eric B. Greynolds, Director, Office IV, Antidumping and Countervailing Duty Operations, to Scot Fullerton, Acting Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *RE: Xanthan Gum from the People's Republic of China: Preliminary Scope Ruling on GPI Food Ingredients* (Sept. 9, 2024) ("Preliminary Scope Ruling").

14. On October 8, 2024, GPI submitted comments on Commerce's Preliminary Scope Ruling. *See* Letter from Sandler, Travis & Rosenberg, P.A. to Dep't of Commerce, *Re: Xanthan Gum from the People's Republic of China: Preliminary Scope Ruling for Gum Products International, Inc.* (Oct. 8, 2024). In these comments, GPI addressed Commerce's findings and

argued that Commerce applied circular reasoning to determine that the GPI Products were the same "class or kind of merchandise" covered by the Order, thereby inappropriately determining that the downstream GPI Products are covered by the scope and that Commerce erred in finding that substantial transformation did not occur in Canada.

15.     On May 20, 2025, Commerce issued its Final Scope Ruling in which it upheld its Preliminary Determination and determined that the GPI Products retain a Chinese country of origin and are thus covered by the Order.  *See* Final Scope Ruling.

## STATEMENT OF THE CLAIMS

16.     In the following respects, and for the other reasons demonstrated on the record of the administrative proceeding, Commerce's Final Scope Ruling is unsupported by substantial evidence and otherwise not in accordance with law.

## Count I

17.     The allegations of paragraphs 1 through 16 are restated and incorporated herein by reference.

18.     Commerce's determination that downstream products like the GPI Products are the same "class or kind of merchandise" as the subject merchandise covered by the scope of the Order is not based upon substantial evidence or otherwise in accordance with law.

## Count II

19.     The allegations of paragraphs 1 through 18 are restated and incorporated herein by reference.

20.     Commerce's conclusion based on its analysis conducted pursuant to 19 C.F.R. § 351.225(j) that xanthan gum from China is not substantially transformed in the production of the

GPI Products in Canada is unsupported by substantial evidence and otherwise not in accordance with law.

### Count III

21. The allegations of paragraphs 1 through 20 are restated and incorporated herein by reference.

22. Commerce's conclusion based on its analysis conducted pursuant to 19 C.F.R. § 351.225(k) that the GPI Products are covered by the scope of the Order is unsupported by substantial evidence and otherwise not in accordance with law.

### Count IV

23. The allegations of paragraphs 1 through 22 are restated and incorporated herein by reference.

24. Commerce's Final Scope Ruling is inconsistent with the International Trade Commission's ("ITC") injury determination. The ITC's investigation and subsequent sunset review did not consider or address downstream products like the GPI Products. As a result, Commerce has in its Final Scope Ruling expanded the scope of the Orders to include products not contemplated by the ITC's injury analysis. Commerce's Final Scope Ruling is therefore unsupported by substantial evidence and contrary to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gum Products International, Inc., requests that this Court:

(1) Hold that Commerce's Final Scope Ruling is unreasonable, not supported by substantial evidence, and otherwise not in accordance with law;

(2) Remand this matter to Commerce with instructions to issue a new determination that is consistent with this Court's decision; and

(3) Grant such other and further relief as this Court may deem just and appropriate.

                                    Respectfully Submitted,

                                    /s/ Sarah Sprinkle
                                    Sarah Sprinkle
                                    William Marshall
                                    Christopher Yankson
                                    Gregory Toth
                                    **SANDLER TRAVIS & ROSENBERG, P.A.**
                                    1300 Pennsylvania Avenue, N.W.
                                    Suite 400
                                    Washington, D.C. 20004
                                    Tel: (202) 730-4969

                                    *Attorneys for Gum Products International, Inc.*

Dated:  July 17, 2025