# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| GUM PRODUCTS INTERNATIONAL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> CP KELCO U.S., INC., <br><br> *Defendant-Intervenor.* | Court No. 25-00108 |

## PLAINTIFF'S MOTION TO STAY

Plaintiff, Gum Products International, Inc. (GPI), respectfully moves to stay this action pending the resolution of GPI's substantially similar case, Court No. 25-00109. On February 17, 2026, counsel for GPI conferred with counsel for Defendant and Defendant-Intervenor regarding this motion. Defendant-Intervenor stated on February 23, 2026, that it consents to the relief requested. Defendant stated on February 24, 2026, that it is unable to provide a position at this time, and will appropriately respond to the Court when able to give its position.

This action challenges the U.S. Department of Commerce's final scope ruling determining that GPI's food ingredient products made from xanthan gum fall within the scope of an antidumping duty order. *See* Compl, ECF No. 13; Final Scope Ruling, ECF No. 26-1; *Xanthan Gum from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 43,143 (Dep't of Com. July 19, 2013). In a companion case, Court No. 25-00109, GPI challenges Commerce's final scope ruling that determined that GPI's oilfield products made from xanthan gum fall within the scope of that same

antidumping duty order.  *See* Compl., *Gum Prods. Int'l, Inc. v. United States*, Court No. 25-00109, ECF No. 13; Final Scope Ruling, Court No. 25-00109, ECF No. 21-1.  Although the products differ somewhat, the administrative records and arguments in both cases substantially overlap.  Each final scope ruling thus sets forth the same reasoning.  *Compare* Final Scope Ruling, ECF No. 26-1 *with* Final Scope Ruling, Court No. 25-00109, ECF No. 21-1.  Additionally, the same parties are involved in both cases.

Staying this case pending the resolution of Court No. 25-00109 is warranted.  "A court may properly determine that it is efficient for its own docket and the fairest course for the parties to enter stay of an action before it, pending resolution of independent proceedings which bear upon the case." *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (Ct. Int'l Trade 2011) (quotation omitted); *see Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Here, a stay would promote efficiency and conserve party and Court resources: Court No. 25-00109's resolution, though not automatically dispositive of this case, will nevertheless "serve[] as the keystone that will dictate the future course of the litigation."  *RHI Refractories*, 774 F. Supp. 2d at 1285; *An Giang Agri. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1170 (Ct. Int'l Trade 2004) ("[A] stay may be warranted even where the other litigation would only clarify or simplify the issues in the action sought to be stayed.  The outcome of the other case need not be potentially dispositive.").  And for the same reason, staying this case would obviate the need for the parties to submit, and the Court to consider, two sets of briefing addressing what is effectively the same scope ruling.

Moreover, the stay would be brief, lasting only as long as necessary for the Court to consider GPI's forthcoming motion in Court No. 25-00109. *See RHI Refractories*, 774 F. Supp. 2d at 1285 ("Because briefing already has commenced [in the related case] the delay will not continue for an indefinite period[.]"). Nor would any party be prejudiced. *See id.* ("Defendant and Defendant-Intervenor have not stated that they will suffer harm as a result of a stay[.]"). In sum, briefly staying this case would promote efficiency, avoid duplication of effort, and not prejudice any party.

## **CONCLUSION**

For these reasons, the Court should stay this case pending the resolution of Court No. 25-00109.

Dated: February 24, 2026

Respectfully submitted,
/s/ William F. Marshall
William F. Marshall
Sarah S. Sprinkle
Luke Mathers
SANDLER, TRAVIS & ROSENBERG, P.A.
286 Madison Avenue
Suite 1200
New York, NY 10017
United States
(212)-549-0138
wmarshall@strtrade.com